**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DEVERICK SCOTT, ADC #131042                                                                PLAINTIFF

v.                                            5:15CV00174-JM-JJV

RANDY WATSON, Warden,
Varner Unit; *et al.*                                                                      DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

  1. Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Plaintiff filed this action alleging the named Defendants violated his rights by retaliating against him for his use of the prison grievance system and by failing to properly investigate retaliatory acts by other prison staff. (Doc. No. 4 at 1-5, 8-10.) The remaining Defendants are Randy Watson, Moses Jackson, and Terry Miller.[1] (Doc. Nos. 7, 36.) Now, these Defendants have motioned for summary judgment by arguing Plaintiff failed to exhaust administrative remedies against them prior to filing this suit. (Doc. No. 33.) Plaintiff has responded (Doc. No. 37) and this matter is ripe for disposition.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in

---

[1] The docket lists this defendant's name simply as "Miller." I will direct the Clerk to update the docket to reflect his full name.

a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.    ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Arkansas Department of Correction ('ADC') Administrative Directive 14-16. (Doc. No. 33-2.) An inmate who believes he has been wronged is

3

first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendants provide evidence that only one grievance related to the immediate claims was exhausted. (Doc. No. 33-1 ¶ 15.) That grievance – VSM-14-3868 – refers, in relevant part, to Michael Davenport[2] and Defendant Miller. (Doc. No. 33-3 at 1.) The grievance alleges: (1) on August 28, 2014, Davenport tore up one of Plaintiff's grievances and scattered the contents of his laundry bag; (2) on an unspecified date Davenport threatened to put rat poison in Plaintiff's food and claimed to be affiliated with the 'crip' gang; and (3) on another unspecified date Davenport urinated in tea and Defendant Miller knowingly served the contaminated beverage to Plaintiff. (*Id*.) No allegations against either Defendant Watson[3] or Defendant Jackson are explicitly raised therein. (*Id*.) Prison officials deemed this grievance procedurally deficient because it raised more than one issue.[4] (*Id*. at 2.) Accordingly, they addressed only the allegations against Davenport which arose on August 28, 2014. (*Id*.) The allegations against Defendant Miller were never considered. (Doc. No. 33-1 ¶ 15-16.)

For his part, Plaintiff argues: (1) Defendants Watson and Jackson acted with deliberate indifference when they failed to investigate Officer Davenport's alleged misconduct; (2) the ADC

---

[2]Officer Davenport was dismissed from this lawsuit after several attempts to serve him were unsuccessful. (Doc. No. 36.)

[3]The grievance mentions Warden Watson but makes no claim against him. It states only that "[t]hey said to make sure Warden Watson receives this to investigate." (Doc. No. 33-1 at 1.)

[4]Administrative Directive 14-16 warns inmates that "only one problem/issue should be stated in the grievance, not multiple problems/issues." (Doc. No. 33-2 at 5.)

4

grievance policy is designed to frustrate inmates' ability to exhaust their claims; (3) prison officials would not have adequately investigated or addressed his claims even if he had adhered to the exact specifications of the grievance policy; and (4) grievance VSM-14-3868 was written in reference to an earlier court hearing which raised all of the immediate claims. (Doc. No. 37 at 3-5; Doc. No. 38 at 3.)  None of these arguments are persuasive.  First, the alleged failure of Defendants Watson and Jackson to investigate Plaintiff's claims is irrelevant to the question of whether he properly exhausted his administrative remedies against any of the remaining defendants.  Second, whether the ADC grievance policy is designed to make exhaustion difficult for inmates is a question beyond the scope of this suit.  Suffice it to say, the policy clearly provides an available method for administratively exhausting constitutional claims.  *See* 42 USCS § 1997e(a) (holding that prisoners must exhaust "available" administrative remedies before filing suit in federal court).  Third, Plaintiff's subjective beliefs about the efficacy of the administrative remedies available to him are irrelevant.  *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (holding that "[s]ection 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.").  Finally, even if Plaintiff's claims were first raised in a previous court hearing, he was still required to adhere to ADC grievance policy in exhausting them for this suit.  The evidence establishes that he failed to so.

Based on the foregoing, I find Plaintiff failed to administratively exhaust his claims against Defendants Watson, Jackson, and Miller.  Accordingly, his claims against them should be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant Miller is properly "Terry

Miller."

      2.      Defendants' Motion for Summary Judgment (Doc. No. 33) be GRANTED.

      3.      Plaintiff's claims against Defendants Randy Watson, Moses Jackson, and Terry Miller be DISMISSED without prejudice for failure to exhaust administrative remedies.

      4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 4th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE